UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARTIN ENERGY SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO: 14-2986 |
| M/V BOURBON PETREL, ET ALL | SECTION: "L" (4) |

## ORDER

Before the Court is a **Second Motion for Leave to File First Amended Complaint (Rec. Doc. 132)** filed by the Plaintiff, Martin Energy Services, LLC. The Motion is opposed. Rec. Doc. 135. The Motion was heard on the briefs.

I. **Background**

This breach of contract, quantum meruit, and unjust enrichment case was originally filed in the District Court on December 30, 2014, pursuant to the Court's admiralty and maritime jurisdiction under 28 U.S.C § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure. Rec. Doc. 1. The Defendants in this matter are CGG Services U.S. Inc., three vessel-owners *in personam*, and the vessel owner's three vessels *in rem*.[1] As previously discussed in the Court's Order denying Martin's First Motion for Leave to Amend (Rec. Doc. 136), CGG S.A. (CGG U.S.'s French affiliate) has made a special appearance in this matter pursuant to their time charter with two of the vessels, which requires CGG S.A. to defend and indemnify the vessels and their owners against Martin's claims.

Defendants claim that CGG U.S. reached their credit limit for purchasing fuel from Plaintiff. Rec. Doc. 130, p. 17. Due to these credit concerns, Defendants claim that Martin began to sell fuel to CGG U.S. through an intermediary company called O.W. Bunker USA, Inc. (OWB). *Id.* The complicated multi-party arrangement is represented by Defendants as involving the

---

[1] M/V Bourbon Petrel (owned by SNC Bourbon CE Petrel and Bourbon Offshore Greenmar S.A.), M/V/ OMS Resolution (owned by Rederij Groen BV), and the M/V/ Miss Lilly (owned by Sea Support Ventures, LLC).

following steps: CGG U.S. issued purchase orders for their fuel needs to OWB, purchase orders were issued to OWB, OWB issued purchase order confirmations to Martin for the fuel purchases, Martin issued invoices to OWB for the sale of the fuel, OWB issued invoices to CGG U.S. for the sale of the fuel, which included a commission for OWB. *Id.*, p. 2-3. Martin acknowledges that OWB was a "contract intermediary" between CGG and Martin. Rec. Doc. 133, p. 2.

It is uncontested that once Martin's fuel was sold it was placed into the fuel transport vessels M/V Bourbon Petrel, M/V/ OMS Resolution, and the M/V/ Miss Lilly. Ownership of the vessels is uncontested: The M/V Bourbon Petrel was owned by SNC Bourbon CE Petrel and Bourbon Offshore Greenmar S.A., and was under time charter with CGG S.A., not CGG U.S. *Id.*, p. 3. The M/V OMS Resolution was owned by Rederij Groen BV and was also under time charter to CGG S.A., not CGG U.S. The M/V Miss Lilly was owned by Sea Support Ventures, LLC and was under time charter to CGG U.S.

It was also uncontested at the hearing for Martin's first proposed amendment that OWB didn't pay for the fuel it received and filed for bankruptcy, and is no longer a party to this matter. Rec. Doc. 130, p. 2; Rec. Doc. 133, p. 1. The amendment before the Court now states that the ultimate recipient of the fuel loaded onto the fuel transport vessels were three seismic vessels that were owned and operated by CGG S.A. Rec Doc. 132-1, p. 1.

On January 16, 2015, CGG S.A. filed a Statement of Interest with the District Court, originally noting their special appearance was based on their time charter with the B/V Bourbon Petrel and their responsibility to defend and indemnify the *in rem* claims against the vessel. Rec. Doc. 9. The time charter CGG S.A. had with the M/V OMS Resolution also requires CGG S.A. to defend and indemnify the *in rem* claims against that vessel as well. Rec. Doc. 136, p. 2. Finally, as noted in the Court's denial of Martin's first proposed amendment, CGG S.A. was required to

defend and indemnify the owners of the vessels, Bourbon Petrel SNC, Bourbon Offshore Greenmar S.A., and Roderij Groen BV, from Martin's *in personam* claims against them. *Id.*, p. 3.

Via crossclaim on April 21, 2016, Martin claimed unjust enrichment and quantum meruit against CGG U.S. Rec. Doc. 109. In this crossclaim Martin did not assert any claims against CGG S.A. *Id.*

### A.  **The Proposed Amended Complaint**

The proposed amendment is substantially similar to the first amendment Martin requested leave of the Court to file (Rec. Doc. 124), which sought to assert direct actions of unjust enrichment[2] and breach of contract against CGG S.A. The Court did not grant leave to amend. Rec. Doc. 136. The Court found that the proposed amendment was futile because (1) Martin had not alleged the existence of a contract between Martin and CGG S.A. that CGG S.A. could have breached, and because (2) there was no fact suggesting a link between the non-payment of fuel and any unjust enrichment by CGG S.A. The Court also found that Martin had shown undue delay in filing the Motion, and that CGG S.A. would be caused undue prejudice to be added to the party at such a late stage in the litigation.

There is only one change in the amendment before the Court and Martin's first attempted amendment: Martin now seeks to allege that CGG S.A. owned and operated the three seismic vessels that were the ultimate beneficiaries of the fuel.[3] Rec. Doc. 132-3, p. 9, ¶¶ 11, 28 (Proposed Amended Complaint); Rec. Doc. 132-1, p. 1 (Memorandum in Support of Amended Complaint); Rec. Doc. 130-3, p. 27, ¶ C (Motion for Summary Judgment Exhibit). The complaint still does not articulate any contract entered into between CGG S.A. and Martin that CGG S.A. breached.

---

[2] As discussed in the Court's prior Order, under Louisiana law Martin's claims of quantum meruit and *action de in rem verso* are indistinguishable with an action for unjust enrichment. Rec. 136, p. 8, FN 3.

[3] M/V/ Geo Celtic, M/V Oceanic Sirius, and the M/V Oceanic.

Martin argues that the amendment will not cause CGG S.A. any prejudice because they have been present in the party for three years pursuant to their special appearance, because CGG S.A. and U.S. share the same counsel, and because CGG S.A. and U.S. have responded to discovery requests jointly. Rec. Doc. 132-1, p. 2-4. Martin also argues that there was no dilatory motive in filing the Motion before the Court, contending that the deadlines for discovery[4] and pretrial motions[5] have not yet passed. *Id.*

Defendants have opposed the amendment. Rec. Doc. 135. Defendants argue that the amendment has been filed contrary to the District Court's Scheduling Order, and that Martin has failed to argue good cause for the late submission. *Id.*, 3-4. Defendants also argue that, notwithstanding Martin's failure to show good cause, the amendment should be denied due to futility. First, Defendants argue Martin has failed to produce the contract that forms the basis for their breach of contract. Second, Defendants argue that Martin has not pleaded that CGG S.A. was unjustly enriched by the delivery of the fuel. Further, Defendants argue that CGG S.A. could not have been unjustly enriched because they have long since paid the party CGG S.A. purchased the fuel from; OWB. *Id.*

## II. Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the

---

[4] While this is true, the earliest submission date available for this Motion was September 19, 2018, eight days past the discovery deadline. Rec. Doc. 121.

[5] This is not true. It appears that Martin has copy and pasted this wording from their first attempt to amend, which was filed before the pretrial motion deadline of August 28, 2018. The Motion before the Court was filed on September 3, 2018.

approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason," considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

## III. <u>Analysis</u>

### A. <u>Good Cause</u>

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)).

The Scheduling Order states that "[a]ll pretrial motions . . . shall be **filed** no later than August 28, 2018, and served in sufficient time to permit **submission** on September 12, 2018." (emphasis added) *Id.* The Scheduling Order is clear that August 27 is the deadline for pretrial

motion filings, and that September 12 is the submission date deadline for those filings. The Motion before the Court was filed on September 3, 2018, and the soonest possible submission date was September 19. Rec. Doc. 132-5. Therefore, Martin must show good cause for the untimely submission under Rule 16(b)(4).

Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

Here, as Defendants emphasize in opposition, Martin has not even minimally argued that good cause exists for the Court to grant this untimely amendment. The failure by Martin to discuss good cause in the instant Motion may stem from their mistaken belief that the proposed amendment would not "interfere with the Court's current Scheduling Order." Rec. Doc. 132-1, p. 2. As discussed, the Motion before the Court contradicts the Scheduling Order, and no explanation was given by Martin for their failure to timely amend.

Further, rather than argue the importance of the amendment, Martin's memorandum seems to characterize the amendment as being only a minor change in this matter.[6] Therefore, the first two factors concerning explanation for delay and the importance of the amendment weigh against good cause being shown.

---

[6] In their Rule 15(a) prejudice argument, Martin stated that the amendment "only seeks to add CGG Services S.A [], already a party that has made a 'special appearance,' as a defendant in this action." Rec. Doc. 132-1, p. 1.

Martin's proposed amended complaint seeks to add as a direct defendant and bring multiple *in personam* claims against a party that for three years has only made a special appearance as an indemnitor. Consequently, the potential prejudice to CGG S.A. is apparent.

It is also not clear to the Court—and Martin has not argued otherwise—that a continuance should be available to cure the prejudice. As in *Schubert Marine Sales*, this matter has been ongoing for many years and all deadlines have already been subject to continuances. *Schubert Marine Sales*, 2003 WL 21664701, at *5. Therefore, the final two factors concerning prejudice and the availability of a continuance weigh against good cause. With all four factors weighing against, it is clear to the Court that Martin has not shown good cause for this untimely amendment.

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Second Motion for Leave to File Amended Complaint (Rec. Doc. 132)** is **DENIED.**

New Orleans, Louisiana, this 2<u>nd</u> day of October 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**