## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTIN ENERGY SERVICES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2986**<br>**C/W 15-79 & 15-81** |
| **M/V BOURBON PETREL, her engines, tackle, bunkers, Etc.,** *in rem*, **and BOURBON PETREL SNC AND BOURBON OFFSHORE GREENMAR, S.A.,** *in personam* | **SECTION "L" (4)** |

## ORDER

Before the Court is a Motion to Alter to Amend Judgment filed by CGG Services (U.S.), Inc., CGG Services S.A., SNC Bourbon CE Petrel, Sea Support Ventures, LLC, and Rederij Groen BV (collectively, the "Vessel Interests"). R. Doc. 158. Plaintiff Martin Energy Services, LLC ("Martin") opposes. R. Doc. 160. Having considered the parties' memoranda and applicable law, the Court now rules as follows.

For background on these consolidated cases, see the Court's Findings of Fact and Conclusions of Law, R. Doc. 156, issued on June 6, 2019. In this motion, the Vessel Interests seek to alter or amend the Judgment entered on June 10, 2019, R. Doc. 157, to specify the date prejudgment interest begins to run on the three invoices at issue. R. Doc. 158-1 at 1. Currently, prejudgment interest is to run from the "date of each purchase." R. Docs. 156 at 12, 157. The Vessel Interests submit that the "date of each purchase" should be the date that each invoice Plaintiff Martin issued became due and owing, which is thirty days after the invoices were issued. R. Doc. 158-1 at 1–2. In opposition, Plaintiff Martin argues interest should begin to accrue from

the date that Plaintiff "no longer possessed control over and could no longer derive benefits from its property." R. Doc 160 at 1.

The United States Supreme Court has recognized "[t]he essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss" and it is the "general rule that prejudgment interest should be awarded to make the injured party whole." *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 196 (1995). In this Circuit, while prejudgment interest is generally awarded from the date of loss, the trial court still has discretion in determining the date from which prejudgment interest commences. *See, e.g., Reeled Tubing, Inc. v. M/V Chad G*, 794 F.2d 1026, 1029 (5th Cir. 1986) ("Certainly there are circumstances when a trial court may properly exercise its discretion to award prejudgment only to the date of judicial demand."). In the present action, the Vessel Interests "acquired, obtained, gained or purchased Martin's fuel" on the purchase dates, as those were the dates Plaintiff "lost any potential financial benefit in its fuel." R. Doc. 160 at 2. Accordingly, the Court concludes the dates that prejudgment interest should begin to accrue to make Plaintiff whole are the date of each purchase, since Plaintiff could no longer derive a financial benefit from the fuel from those dates. Accordingly;

**IT IS ORDERED** that the Motion to Alter to Amend Judgment filed by CGG Services (U.S.), Inc., CGG Services S.A., SNC Bourbon CE Petrel, Sea Support Ventures, LLC, and Rederij Groen BV (collectively, the "Vessel Interests"), R. Doc. 158, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Vessel Interests' Motion to Stay Pending Disposition of Motion to Alter or Amend, R. Doc. 159, is hereby **DENIED AS MOOT**.

New Orleans, Louisiana this 17th day of July, 2019.

_____

UNITED STATES DISTRICT COURT JUDGE